**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| Wayne Cable, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: |
| v. | ) | |
| | ) | |
| Group Fox, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

Plaintiff Wayne Cable ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Group Fox, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1.     This action seeks to recover damages for copyright Infringements under the Copyright Act, 17 U.S.C §101 *et seq*.

2.     Plaintiff created a series of photographs in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.     Defendant is a property management company which owns and operates a Facebook account named as @Group Fox (the "*FB Account*").

4.     Defendant owns and operates an Instagram account named @groupfox (the "*IG Account*").

5.     Defendant owns and operates a Facebook account named @Lofts at River East (the "*FB Account 2*").

6.     Defendant owns and operates an Instagram account named @loftsatrivereast (the "*IG Account 2*").

7.     Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photographs on the FB Account, the IG Account, the FB Account 2, and the IG Account 2 (hereinafter collectively referred to as the "*Accounts*") and engaged in this

1

misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

8.      Plaintiff Wayne Cable is an individual who is a citizen of the State of Illinois and maintains a principal place of business in Cook County, Illinois.

9.      On information and belief, defendant Group Fox, Inc., is a Illinois corporation with a principal place of business at 411 East Illinois Street, Chicago in Cook County, Illinois.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over the federal copyright Infringements claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

11.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Illinois.

12.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.      Plaintiff's Copyright Ownership**

13.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

14.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

15.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

16.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

17.     On April 4, 2016, Plaintiff first published a photograph of a bedroom in a luxury loft in Chicago, IL ("*Photograph 1*"). A copy of Photograph 1 is attached hereto collectively as

Exhibit 1.

18.     In creating Photograph 1, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

19.     On June 23, 2021, Photograph 1 was registered by the USCO under Registration No. VA 2-259-049.

20.     Plaintiff created Photograph 1 with the intention of it being used commercially and for the purpose of display and/or public distribution.

21.     On April 4, 2016, Plaintiff first published a photograph of the living room in a luxury loft in Chicago, IL. ("*Photograph 2*"). A copy of Photograph 2 is attached hereto collectively as Exhibit 1.

22.     In creating Photograph 2, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

23.     On June 23, 2021, Photograph 2 was registered by the USCO under Registration No. VA 2-259-049.

24.     Plaintiff created Photograph 2 with the intention of it being used commercially and for the purpose of display and/or public distribution.

25.     All of the individual photographs herein listed above are referred to throughout the balance of this Complaint as the "*Photographs*".

**B.      Defendant's Infringing Activity**

26.     Defendant is the registered owner of the Accounts and is responsible for their content.

27.     Defendant is the operator of the Accounts and is responsible for their content.

28.     The Accounts are each a part of and used to advance Defendant's commercial enterprise.

29.     The Accounts are monetized in that each advertises Defendant's properties and, on information and belief, Defendant profits from these activities.

30.     On or about March 9, 2022, Defendant displayed Photograph 1 on the FB Account

and the IG Account as part of posts at URLs: https://www.facebook.com/photo?fbid=7483986291618957&set=pcb.7483986334952286 and https://www.instagram.com/p/Ca5dBw4P2-q/?img_index=1 ("*Infringements 1-2*"). A copy of screengrabs of the FB Account and the IG Account including Photograph 1 are attached collectively hereto in Exhibit 2.

31.     On or about March 22, 2023, Defendant displayed Photograph 1 on the FB Account 2 as part of a post at URL: https://www.facebook.com/photo/?fbid=932094097845275&set=a.623560872031934&locale=ja _JP ("*Infringement 3*"). A copy of a screengrab of the FB Account 2 including Photograph 1 is attached collectively hereto in Exhibit 2.

32.     On or about January 9, 2024, Defendant displayed Photograph 1 on the FB Account 2 and the IG Account 2 as part of posts at URLs: https://www.facebook.com/photo/?fbid=1123250472062969&set=a.623560872031934 and https://www.instagram.com/loftsatrivereast/p/C15BEVYPE2P/ ("*Infringements 4-5*"). A copy of screengrabs of the FB Account 2 and the IG Account 2 including Photograph 1 are attached collectively hereto in Exhibit 2.

33.     On or about August 7, 2023, Defendant displayed Photograph 2 on the FB Account 2 and the IG Account 2 as part of posts at URLs: https://www.facebook.com/photo?fbid=1024733288581355&set=a.623560872031934&locale=h e_IL and https://www.instagram.com/p/Cvp9tdnPt1q/ ("*Infringements 6-7*"). A copy of screengrabs of the FB Account 2 and the IG Account 2 including Photograph 2 are attached collectively hereto in Exhibit 2.

34.     On or about February 22, 2024, Defendant displayed Photograph 2 on the FB Account 2 as part of a post at URL: https://www.facebook.com/photo/?fbid=1153431249044891&set=a.623560872031934 ("*Infringement 8*"). A copy of a screengrab of the FB Account 2 including Photograph 2 is attached collectively hereto in Exhibit 2.

35. Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photographs on the Accounts.

36. Plaintiff first observed and actually discovered the infringing uses of the Photographs on September 29, 2023.

37. On information and belief, each of Plaintiff's Photographs were copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringements*").

38. The Infringements each include a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific Infringements.

39. The Infringements are exact copies of Plaintiff's original images that were directly copied and displayed by Defendant on the Accounts.

40. On information and belief, Defendant takes an active and pervasive role in the content posted on its Accounts, including, but not limited to, copying, posting, selecting, commenting on, and/or displaying images including, but not limited to, Plaintiff's Photographs.

41. On information and belief, the Photographs were willfully and volitionally posted to the Accounts by Defendant.

42. On information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

43. On information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness on the part of Defendant.

44. On information and belief, Defendant engaged in the Infringements knowingly and

in violation of applicable United States copyright laws.

45.     On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Accounts and exercised, and/or had the right and ability to exercise, such right.

46.     On information and belief, Defendant monitors the content on its Accounts.

47.     On information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

48.     On information and belief, the Infringements increased traffic to the Accounts and, in turn, caused Defendant to realize an increase in its revenues.

49.     On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Accounts.

50.     On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

51.     Defendant's use of the Photographs harmed the actual market for the Photographs.

52.     Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

53.     On January 8, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

54.     On February 5, 2024, Plaintiff, via counsel, served a second letter on Defendant.

55.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

56.     Further, despite Plaintiff's notification to Defendant concerning its infringing activity, Defendant continues to infringe on Plaintiff's works thereby establishing the willful nature of its conduct.

57.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

**FIRST COUNT**
*(Direct Copyright Infringements, 17 U.S.C. §501 et seq.)*

58.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

59.     The Photographs are each original, creative works in which Plaintiff owns a valid copyright.

60.     The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

61.     Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

62.     Without permission or authorization from Plaintiff, and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

63.     Defendant's reproduction of the Photographs and display of the Photographs constitutes willful copyright Infringements.

64.     On information and belief, Defendant willfully infringed upon Plaintiff's Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using each on the Accounts.

65.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each of the Infringements pursuant to 17 U.S.C. § 504(c).

66.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

67.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain Infringements of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

68.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.      finding that Defendant infringed on Plaintiff's copyright interest in and to the Photographs by copying and displaying each without a license or consent;

b.      for an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each Infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.      for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.      for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.      for pre-judgment interest as permitted by law; and

f.      for any other relief the Court deems just and proper.

DATED: June 12, 2024

<div style="margin-left:40%">

**SANDERS LAW GROUP**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Fax: (516) 282-7878
*Attorneys for Plaintiff*
File No.: 129337

*Attorneys for Plaintiff*

</div>